FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
7/28/2015 10:08:33 AM
JAMIE SMITH
DISTRICT CLERK
A-197382

NO. 197382

| | | |
|---|---|---|
| ANNETTE REID | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| TAKATA CORPORATION; | § | |
| TK HOLDINGS INC.; HIGHLAND | § | |
| INDUSTRIES, INC.; FORD MOTOR | § | |
| COMPANY; PHILPOTT MOTORS, LTD. | § | |
| | § | |
| Defendants | § | 58TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, & INITIAL DISCOVERY

Plaintiff files this Original Petition, Jury Demand, and Initial Discovery.

### I.   NATURE OF ACTION

1.   Plaintiff files this civil suit against Defendants for strict products liability, breach of warranty, negligence, and gross negligence arising from a motor vehicle accident.

### II.   JURISDICTION & VENUE

2.   Venue is proper in this County because all or a substantial part of the events or omissions giving rise to the suit occurred here, at least one Defendant has a principal office here, and Plaintiff lives here.

3.   The amount in controversy exceeds the jurisdictional minimum.  Defendants do enough business in Texas to subject them to personal jurisdiction here.

### III.   DISCOVERY LEVEL

4.   Discovery may be conducted under Level 2 of the Texas Rules of Civil Procedure.

### IV.   PARTIES

5.   Plaintiff is a resident of Harris County.

6.     Defendant Takata Corporation is a Japanese entity that does business in Texas without registering as required. *See e.g.* Tex. Civ. Prac. & Rem. Code § 17.042. Takata may be served under Tex. R. Civ. P. 108a by serving a copy of the citation, petition, and discovery on the corporate headquarters of Takata Corporation, ARK Hills South Tower, 4-5 Roppongi 1-Chome, Minato-ku, Tokyo 106-8488, Japan.

7.     Defendant TK Holdings Inc. is a Delaware corporation doing business in Texas that may be served through its registered agent, Corporation Service Company dba CSC-Lawyers Incorporation Service Company; 211 E. 7th Street; Suite 620; Austin, Texas 78701.

8.     Defendant Highland Industries, Inc. DBA Highland (Delaware) Industries, Inc. is a Delaware Corporation doing business in Texas that may be served through its registered agent, Corporation Service Company dba CSC-Lawyers Inco; 211 E. 7th Street; Suite 620; Austin, Texas 78701.

9.     Defendant Ford Motor Company is a Delaware company doing business in Texas that may be served through its registered agent, CT Corp System; 1999 Bryan St., Ste. 900; Dallas, TX 75201.

10.     Defendant Philpott Motors, Ltd. is a Texas business based in Nederland, Texas that may be served through its registered agent CT Corp System; 1999 Bryan St., Ste. 900; Dallas, TX 75201.

## V.   FACTS

11.     The vehicle at issue is a 2006 Ford Ranger, VIN 1FTYR10D16PA49581. It was purchased by the Port of Houston from Philpott Motors in Nederland, Texas in January 2006.

12.     On or about May August 4, 2013, Plaintiff Annette Reid was working at the Port of Houston. Part of her job involved driving a Ford Ranger at low speeds, stopping and starting and jumping in and out of the vehicle to perform various tasks.

- 2 -

13.     Toward the end of her shift, Ms. Reid drove back toward the office area. Unbeknown to her because she had been driving through well-lit areas, her lights were not working properly even though—as the police would later confirm—her light switch was in the "on" position.

14.     Suddenly, Ms. Reid traveled through an area that was not well lit.  She struck an unmarked temporary jersey barrier that had been placed in the roadway.

15.     Ms. Reid's airbags did not deploy properly and/or ruptured, causing her to suffer burns and contusions on her face, arms, and chest.  She also suffered severe injuries to her head, neck, and back.

16.     Ms. Reid would ultimately miss two years of work and is still suffering from permanent psychological injuries.  Her doctors say she is permanently disabled.

## VI.   CAUSES OF ACTION

### A.     Takata, Highland, and TK's Strict Liability, Negligence, And Breach Of Warranty

17.     The air bags in the Ford Ranger at issue—manufactured by Takata, Highland, and TK—were defective and unreasonably dangerous.  They rendered the vehicle uncrashworthy under Texas law and Restatement of Torts (Second) § 402.

18.     When they were was sold and/or put into the stream of commerce, and considering risks and utilities of the vehicle and its components, the subject air bags including their inflators were defectively designed, manufactured, assembled, and marketed, and proper instructions were not provided.  There were economically and technologically feasible safer alternative designs available that would have prevented Plaintiff's injuries or significantly reduced the risk without impairing vehicle or air bag utility.  These failures rendered the airbags and the vehicle unreasonably dangerous and exposed consumers like Plaintiff to an unreasonable and unnecessary

risk of harm.  They were a producing cause of Plaintiff's injuries.  Takata, Highland, and TK are therefore strictly liable.

19.     Takata, Highland, and TK were negligent and grossly negligent in designing, marketing, manufacturing, and providing instructions for the air bags, including:

- Failure to properly test the air bags;

- Designing the air bags with defective inflators;

- Distributing/selling the air bags with defective inflators;

- Selling the air bags without proper warnings and instructions;

- Choosing to disregard and ignore generally accepted principles of hazard control ("design, guard, and warn") as well as the obligation to hold public safety paramount; and

- Failing to take reasonable steps to inform Plaintiff and the vehicle owners that the air bags were defective.

20.     This negligence and gross negligence was a proximate cause of Plaintiff's injuries.

21.     Another proximate cause of Plaintiff's injuries was the failure of Takata, Highland, and TK to satisfy express and implied warranties including the warranty that their air bags are safe to use.

**B.      Ford's Strict Liability, Negligence, And Breach Of Warranty**

22.     The Ford Ranger at issue was defective, uncrashworthy, and unreasonably dangerous under Texas law and Restatement of Torts (Second) § 402.

23.     When it was sold and/or put into the stream of commerce, and considering risks and utilities of the vehicle and its components, the Ford Ranger was defectively designed, manufactured, assembled, and marketed, and proper instructions were not provided.  The failures include defective airbags and lighting systems.  There were economically and technologically feasible safer alternative designs available that would have prevented Plaintiff's injuries or

- 4 -

significantly reduced the risk without impairing the vehicle's utility.  These failures rendered the vehicle unreasonably dangerous and exposed consumers like Plaintiff to an unreasonable and unnecessary risk of harm.  They were a producing cause of Plaintiff's injuries.  Ford is therefore strictly liable.

24.     Ford was negligent and grossly negligent in designing, marketing, manufacturing, and providing instructions for the Ford Ranger, including:

- Failure to properly test the air bags and lights

- Designing the vehicle with defective air bags and lights;

- Selling the vehicle without proper warnings and instructions;

- Choosing to disregard and ignore generally accepted principles of hazard control ("design, guard, and warn") as well as its obligation to hold public safety paramount; and

- Failing to take reasonable steps to inform Plaintiff and the vehicle owners that the vehicle was defective.

25.     Ford's negligence and gross negligence was a proximate cause of Plaintiff's injuries.

26.     Another proximate cause of Plaintiff's injuries was Ford's failure to satisfy express and implied warranties including the warranty that the Ford Ranger and its component parts are safe to use.

## C.     **Philpott Motors Negligence**

Philpott Motors was negligent in inspecting the vehicle before it was sold, making representations regarding the quality of the vehicle before it was sold, selling a product with known defects, providing updates regarding warranty and recall issues after it was sold, and/or servicing the vehicle after it was sold.  These actions caused or contributed to Plaintiff's injuries.

**D.**   **Gross Negligence**

27.   Defendants' conduct when viewed objectively involved an extreme degree of risk considering the probability and magnitude of the potential harm to others, and Defendants had actual subjective awareness of the risk involved but proceeded anyway with conscious indifference to the rights, safety, and welfare of others.

## VII.   DAMAGES

28.   Plaintiff seeks damages within the jurisdictional limits of this Court between $200,000 and $5 million, including:

- Compensatory damages

- Actual damages

- Consequential damages

- Lost future income

- Lost past income

- Past medical care

- Future medical care

- Past pain and suffering

- Future pain and suffering

- Past mental anguish

- Future mental anguish

- Past impairment

- Future impairment

- Past disfigurement

- Future disfigurement

- Past loss of household services

- Future loss of household services

- Interest on damages (pre- and post-judgment)

- Court costs

- Expert witness fees

- Deposition costs

- Attorneys' fees

- Exemplary damages

- Other relief as the Court may deem just and proper

## VIII.    CONDITIONS PRECEDENT

29.    All conditions precedent have been performed or have occurred.

## IX.    REQUEST FOR DISCLOSURE

30.    Plaintiff requests that Defendant timely disclose the information and materials required by Texas Rule of Civil Procedure 194.2(a)-(l).

## X.    JURY DEMAND

31.    Plaintiff requests a jury trial.  Tex. R. Civ. P. 216(a).

## XI.    PRAYER

Plaintiff request that the Court grant Plaintiff the relief requested above as well as all other just relief.

MORROW & SHEPPARD LLP


*/s Nicholas A. Morrow*
_____
    Nicholas A. Morrow
    State Bar No.  24051088
    nmorrow@morrowsheppard.com
    John D. Sheppard
    State Bar No.  24051331
    jsheppard@morrowsheppard.com
3701 Kirby Dr, Ste 840
Houston, TX  77098
Telephone:    (713) 489-1206
Facsimile:    (713) 893-8370

***Attorneys for Plaintiff***